**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **GUYZAR LLC** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **HSN, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT FOR INFRINGEMENT OF PATENT

COMES NOW, Plaintiff Guyzar, LLC ("Guyzar" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant HSN, Inc., (hereinafter "Defendant") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Guyzar, from U.S. Patent No. 5,845,070 (the "'070 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2.      Plaintiff Guyzar is a Texas entity with its principal place of business at 5700 Granite Parkway, Suite 200, Plano. TX 75024.

3.      Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, with a principal address at 1 Hsn Dr., Saint Petersburg,

Florida 33729. Upon information and belief, Defendant may be served with process at Corporation

Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C.

§§ 1 *et seq.*

5.      This Court has personal jurisdiction over Defendant by virtue of its systematic and

continuous contacts with this jurisdiction, as alleged herein, as well as because of the injury to

Guyzar, and the cause of action Guyzar has risen, as alleged herein.

6.      Defendant is subject to this Court's specific and general personal jurisdiction

pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business

in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly

doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving

substantial revenue from goods and services provided to individuals in Texas and in this judicial

district.

7.      Defendant has conducted and does conduct business within the state of Texas,

including the geographic region within the Eastern District of Texas, directly or through

intermediaries, resellers or agents, or offers for sale, sells, advertises (including through the use of

interactive web pages with promotional material) products or services, or uses or induces others to

use services or products in Texas, including this judicial district, that infringe the '070 patent.

8.      Specifically, Defendant solicits business from and markets its services to

consumers within Texas, including the geographic region within the Eastern District of Texas, by

offering services for authentication of a user's confidential information and for the preservation of

the confidentiality of said information against unauthorized use to said Texas consumers.

9.      In addition to Defendant's continuously and systematically conducting business in Texas, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of Texas, including the geographic region within the Eastern District of Texas, including Defendant's making, using, offering for sale, or selling services for authentication of  a user's confidential information and for the preservation of the confidentiality of said information against unauthorized use which include features that fall within the scope of at least one claim of the '070 patent.

10.     Venue lies in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

## FACTUAL ALLEGATIONS

11.     On December 1, 1998, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '070 patent, entitled "Security System for Internet Provider Transaction" after a full and fair examination. (Exhibit A).

12.     Guyzar is presently the owner of the patent, having received all right, title and interest in and to the '070 patent from the previous assignee of record. Guyzar possesses all rights of recovery under the '070 patent, including the exclusive right to recover for past infringement.

13.     The '070 patent contains three independent claims and ten dependent claims. Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '070 patent.

14.     The invention claimed in the '070 patent comprises a method of authenticating a user's confidential information and preserving the confidentiality against unauthorized use, said information being essential for conducting Internet transactions between a log-in and log-out session.

### DEFENDANT'S PRODUCTS

15.    Defendant's website includes features, such as the Home Shopping Network "Log In With" feature (the "Accused Instrumentality"), that allow for the authentication of  a user's confidential information and for the preservation of the confidentiality of said information against unauthorized use, said information being essential for conducting Internet transactions between a log-in and log-out session. For example, the Accused Instrumentality utilizes the OAuth open standard to provide a method of authenticating a user's confidential information and preserving said confidential information against unauthorized use.

16.    The Accused Instrumentality accesses the Internet by the user entering a first data set, such as third party log-in credentials, into a computer based controller to control modems and communication protocols.

17.    The Accused Instrumentality utilizes the OAuth standard to establish a database containing confidential information, such as a user's address, email, phone number, online profile, etc. subject to authentication with a user's first data set.

18.    The Accused Instrumentality implements the OAuth standard to submit a first data set to a tracking and authentication control module, such as a dedicated "Authorization Server," that requests authentication of the user said tracking and authentication control module including a database containing user's confidential information, such as the database established in an Authorization Server and Resource Server of the Accused Instrumentality, an authentication server for authenticating said first data set, and a certification server, said certification server containing validation data for authenticating and internet entity approved for conducting internet transactions.

19.     The Accused Instrumentality implements the OAuth standard to compare the user's first data set input to the authentication server incident to accessing the internet with the I.D. and password in the data base and subject to a validating match.

20.     The Accused Instrumentality implements the OAuth standard in issuing a second data set, such as an Access Token and Authorization Code issued by the OAuth protocol, responsive to a successful validation of the I.D. and password with data in the database usable for the transaction.

21.     The Accused Instrumentality implements the OAuth standard to submit the second data set to the certification server upon initiation of a transaction by the user. For example, Resource Server of the Accused Instrumentality serves its certification purpose and validates the authenticity of the Access Token before allowing Defendant's website to access the user's confidential information upon initiation of a transaction by the user.

22.     The Accused Instrumentality implements the OAuth standard in consummating a transaction, such as using user's third-party credentials and profile information on Defendant's website, subject to the validation of the second data set by tying the confidential information in the data base to the user whereby the confidential information is retained undisclosed in the database.

23.     Thus, Defendant's use of the Accused Instrumentality, including the use by Defendants' customers and employees, is enabled by the process described in the '070 patent.

## INFRINGEMENT OF THE '070 PATENT

24.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 23.

25.     In violation of 35 U.S.C. § 271, Defendant is now, and has been directly and indirectly infringing the '070 patent.

26.     Defendant has had knowledge of infringement of the '070 patent at least as of the service of the present complaint.

27.     Defendant has directly infringed and continues to directly infringe at least claim 1 of the '070 patent by making, using, importing, offering for sale, and/or selling the Accused Instrumentality through its website without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '070 patent, Plaintiff has been and continues to be damaged.

28.     Defendant has indirectly infringed and continues to indirectly infringe at least claim 1 of the '070 patent by actively inducing its respective customers, users, and/or licensees to directly infringe by using, selling, offering to sell and/or importing the Accused Instrumentality. Defendant engaged or will have engaged in such inducement having knowledge of the '070 patent. Furthermore, Defendant knew or should have known that its action would induce direct infringement by others and intended that its actions would induce direct infringement by others. For example, Defendant uses, sells, offers for sale and advertises the Accused Instrumentality in Texas specifically intending that its customers use it.  Furthermore, Defendant's customers' use of the Accused Instrumentality is facilitated by the use of the system described in the '070 patent. As a direct and proximate result of Defendant's indirect infringement by inducement of the '070 patent, Plaintiff has been and continues to be damaged.

29.     Defendant has contributorily infringed and continues to contributorily infringe at least claim 1 of the '070 patent by selling and/or offering to sell the Accused Instrumentality, whose infringing features are not a staple article of commerce and when used by a third-party,

such as a customer, can only be used in a way that infringes the '070 patent. Defendant has done this with knowledge of the '070 patent and knowledge that the Accused Instrumentality constitutes a material part of the invention claimed in the '070 patent. Defendant engaged or will have engaged in such contributory infringement having knowledge of the '070 patent.  As a direct and proximate result of Defendant's contributory infringement of the '070 patent, Plaintiff has been and continues to be damaged.

30.     By engaging in the conduct described herein, Defendant has injured Guyzar and is thus liable for infringement of the '070 patent, pursuant to 35 U.S.C. § 271.

31.     Defendant has committed these acts of infringement without license or authorization.

32.     As a result of Defendant's infringement of the '070 patent, Guyzar has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

33.     Guyzar will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.  As such, Guyzar is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

34.     Guyzar demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Guyzar prays for the following relief:

1.      That Defendant be adjudged to have infringed the '070 patent, directly and/or indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

2.      That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly and/or indirectly infringing the '070 patent;

3.      An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Guyzar for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4.      An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

5.      That Defendant be directed to pay enhanced damages, including Guyzar's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6.      That Guyzar have such other and further relief as this Court may deem just and proper.

Dated: November 30, 2015                     Respectfully Submitted,

By:

*/s/ Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue

San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF**
**GUYZAR, LLC**